The next case for argument is 24-1345 Fintiv, Inc. v. Apple, Inc. Please proceed. Good morning, again, Your Honors. In this obviousness case, the Board legally erred by adopting its own construction of auditing financial transactions to mean official examination of financial transactions, which is broader than any of the evidence and should be reversed. Can I just ask you a housekeeping question? Yes, ma'am. Which is, if hypothetically we were to disagree with you on the case we just argued, does that wipe this case out because this is just a piece of that case? Yes, Your Honor. And are there any other litigation pending involving patents, other patents other than those at issue in the earlier case that have the same language that was construed here? I believe there may be another IPR off the top of my head. Give me one second. I think there's one other IPR that I'm aware of. Do you know what the patent number is in that case number sheet? Yes. I believe that case number would be 251225. All right. Please proceed. Thank you, Your Honor. So in addition to the claim construction being incorrect because it's broader than the evidence submitted, additionally the board erred in determining that the prior art to Dill disclosed auditing financial transactions because it discloses verification of a transaction identifier that's used to execute the transaction. And finally, Dill is also missing the limitation that the subscriber deposits funds into his own account. The board mistakenly found that was present by misinterpreting the sender and the recipient in Dill to be the same party at the same time, which is not disclosed. First, Your Honor, turning to the claim construction of auditing financial transactions, the parties agreed that there wasn't helpful intrinsic evidence in the record. Apple submitted that auditing financial transactions be interpreted based on its plain meaning, and Fintive presented a construction drawn from a textbook, an accounting textbook, that had a number of variations of the definition of audit. The board adopted its own. Can I just ask? Yes, sir. Do you not get some mileage out of the fact that a phrase in which auditing financial transactions appears is one in which immediately preceding that phrase is executing financial transactions, which might be taken to suggest that the use being made in Dill, which is clearly part of executing the financial transaction, is something different from auditing? Yes, Your Honor. We argue that in our brief that Dill's verification of a transaction identifier is actually the process to execute the transaction. First of all, no transaction has yet occurred to audit. And secondly, the transaction identifier doesn't officially examine financial transactions because it identifies or it verifies the transaction identifier, which is part of executing the financial transaction. And it can't be both because, as you recognize, our plain language has limitations both to executing the financial transaction and to auditing the financial transaction. And what the board says about that, maybe it's somewhere else. I have Appendix 64. They say, based on these disclosures, we find that Dill's money transfer facilitators verifying a transaction by using a transaction identifier sufficiently implicates the official. Is there anything more that you know of in the board decision that gives us some meat on the bones about what sufficiently implicates means? Let's see. To me, they're reading the transaction identifier, verification of the transaction identifier in Dill, which is part of executing the transaction. But I don't know how it can implement an official examination of the financial transaction as well as execute the transaction because there's nothing to audit if there's not a body of financial transactions available to audit. And here, we're looking at one potential financial transaction, and we're looking at a verification code, which is a PIN code in many instances. So even if you said it's a fact. What's the essence of your argument? As I'm recalling now, there are kind of two pieces to this. One is that they misconstrued auditing as an official examination, and it wasn't sufficient. And then there's this temporal argument you also have. So that's a different limitation. We can go to that. Tell me about that. So your argument with respect to this plain construction is simply confined to whether or not it's an official examination is an appropriate definition of auditing? Yes, and we're concerned because an official examination is broader than the broadest construction in the only evidence of record, which is the textbook. And the textbook, which has several constructions, but the broadest construction in the textbook is the dictionary meaning of audit is an official examination of accounts. And the board extracted the term of accounts. So the problem with that is you're not looking necessarily at something that has occurred. You're not performing an audit. And the textbook says that when you do an examination, an auditor is going to look to see whether the accounts and the books and the original entries are correct and express some opinion thereon. But you can't do that when you're looking at verifying an identification, a transaction identifier, because there are no financial transactions to look at. As I understand the auditing contention, though, it really is a claim construction dispute.  If we were to affirm the board's understanding of audit, which, as you say, is very broad, you don't have an argument that Dill fails to disclose that, correct? Actually, we do, Your Honor, and I'll go through that. So remember, auditing, if you look at the board's construction, is an official examination of financial transactions. And Dill, the board relies on paragraphs 41 and 105 of Dill, and it says that those paragraphs show that the transaction ID is used to verify the transaction. But it doesn't say that. If you look at paragraphs 41 and 105, for example, paragraph 41 says the application of the money transfer facilitator, in turn, can receive and verify the transaction identifier. So it's not verifying the transaction. It also says the identifier can be used to identify the sender and recipients, and both can be used by the transfer option module. Again, it's verifying the identifier. And finally, a third point, verifying the identifier is further disclosed in Dill as verifying the PIN, and that's at paragraphs 10, 13, and 45. One more thing, Apple's expert doesn't explain how verifying the transaction identifier or the underlying identification of senders and receivers is a verification or an official examination of a financial transaction. Can you just help me understand, in Dill, what is a transaction identifier, and what role does it play in the process? So a transaction identifier is something that says, hey, I have this transaction coming from this sender to this recipient, and this is what it is, and I want to verify that that's the transaction. For example, I think a good example would be if I file my taxes, and the IRS takes a look to see if I filed my taxes, they look at my Social Security number, and they verify that, yes, Meredith Addy filed her taxes. But that is in no way an audit. They certainly haven't looked at the underlying data that I submitted to determine whether or not it's accurate. And that's what we believe is going on here, Your Honor, that it's just a verification of a number. And I believe we also discussed this. I mean, it seems like what the board was thinking, that verifying the transaction, that using a transaction identifier, verifying the transaction, is at least part of verifying the transaction. In certain circumstances, it may be sufficient, insufficient, but it at least isn't verifying the transaction identifier a piece of verifying the transaction, and is that right? And if so, why isn't that sufficient? That's right, Your Honor, but it's not sufficient, because that is not performing an audit on transactions, a body of transactions, to determine whether or not they're correct. Verifying an identifier to determine whether a transaction can go forward has nothing to do with the underlying transaction, and the claim requires auditing financial transactions. What this identification verifier does is merely look to see if that part of the transaction, that identifier, is correct, but not the underlying financial transaction. And just help me understand one further step. What does it mean to verify that an identifier is correct? It means to check a number. Check against what? When the IRS checks your Social Security number, what does it, and you said, and so it must be notified, how do they do that? What does it even mean? Do they look up your phone number, call you, say, is this your Social Security number? You know, I'm going to send you a second, you know, on your cell phone or something, so that I make sure I'm talking to the right. Literally, I don't understand what it means to verify an identifier. And without that, I'm having trouble having a clear picture in my mind of why it's not. What I think I do understand is auditing. So the identifier is, it's a PIN, and it's a PIN that's used to identify the sender or the recipient or both. And that's in paragraph 105 of DIL. However, it's not used to do anything about the underlying transaction that the sender or the recipient are trying to complete. And, in fact, we don't even know if, when it verifies the PIN, if that transaction actually is completed. Before your time runs out, because we'll give you a minute, you never got to the point about the temporal argument you're making. Right. Can you just discuss that briefly, please? So the board also erred when it held that DIL disclosed a deposit transaction where the sender deposits money into his or her own account. And relying on paragraph 52 of DIL, the board says that any, and this is a quote from DIL, any given entity and or device associated with that entity can alternatively act as the sender or the recipient. And the board recognized in its decision at pages 52 to 53 that alternatively means that the sender can be the recipient, the recipient can be the sender. It said that's not limited by transaction type. I get that. But then it also said it's only limited temporally. So what does that mean? Well, if the sender is the same party, because the sender is sending to his own deposit account, then there's no disclosure in DIL that the sender can be the same party at the same time to the same account. That's the temporal limitation that we raised. The word temporal, I guess, maybe this is just a language issue, but I guess I sort of understood that your argument, not about the deposit transaction language, but about the auditing language, in fact, had a temporal component. Oh, I see. Yes, that's what I was thinking. After the transaction had been executed, you're looking to see if the underlying records that went into the transactions represent reality in some way we can check. Yes, Your Honor. I'm sorry. I picked up on the board's use of temporal, and I'm sorry I threw you off. Yes. When we prepared what we considered to be a summary of this textbook, we used the term retroactive to describe the audit. It has to occur on something that's already happened. And while I can understand a construction that may not use the term retroactive, when you look at all of the constructions in this textbook, they all occur on something that's already happened. So when you say that you're auditing, an audit is an official examination on accounts, those accounts contain transactions. And DIL does not do that? DIL does not do that because it is looking at a transaction identifier before the transaction has occurred. Okay. Thank you. Thank you. Good morning. Please proceed whenever you're ready. Good morning, Your Honors. Frances Vang for Apple. May it please the Court. Regarding the auditing term, all offensive arguments on claim construction and the prior art disclosure are premised on the assumption that transactions have to be fully complete before they're audited or examined. But that assumption is incorrect because it is unsupported by the intrinsic and not required by the extrinsic record. So where do they have to be in the process? When you're talking about auditing a transaction, can it be before the transaction occurs, once the first step of the transaction occurs but nothing else is there? What's your temporal sort of step? The transaction just needs to exist, but it does not need to be complete before it is audited. And that's what Fintive is arguing. When it says transaction has occurred, it's actually injecting this requirement that the transaction be complete. But there's no requirement in the claims or the specification that requires a financial transaction to be complete. The claim just recites broadly auditing financial transactions. So where is it any limitation? Like the transaction can be audited if somebody just files their name and then you do an audit of it? I mean, do you have any line at which it doesn't have to be complete but something has to be done in order to constitute an auditing of a transaction? Well, I'll go back to what I said earlier, which is the transaction has to exist. And in DIL, the transaction exists when it is assigned an identifier, the transaction identifier, which is discussed at paragraph 41. So you're auditing only what? What are you auditing? The question of whether or not there's an identifier or the identifier is correct? What is there to be audited at that point? The thing that is being examined and verified in DIL is whether the transaction identifier corresponds with a transaction that has been initiated. So there is this examination of a transaction that has already been initiated by a sender. That is what it's verifying. It has to at least start, is that right? Yes. In order to exist, we have to begin, take some step. That's right. So something in the transaction is already happening, as in it is born. And then you're checking to make sure that you are proceeding with the correct transaction. You're checking to see if this transaction was actually initiated. And so I still, when I hear about checking something, there's a piece of information and you want to check it for correspondence with something else. What is the something else? And don't use the word transaction. The DIL actually talks about this, gives some flavor of what it means by the transaction identifier when it talks about DIL. I think I understand auditing, completed transactions in terms of auditing books. One book says, you know, I had this amount of income from this number of sales, and you're going to check that bottom line income against sales records, day-to-day receipt records. So you're seeing if these numbers add up to this number. I understand what it means to check that against that. What is the checking of that against that in DIL? In DIL, at paragraph 77, it talks about identifying the recipient and transaction information. For example, the amount and other information. What does it mean to check the amount? Somebody is sending, please give me $77. What does it mean to check that amount? If there's enough in your account to actually transfer. Is that what it means? That's one way that DIL talks about transaction information being checked. What's the transaction identifier? That doesn't sound like, does he have enough money in his account? The transaction identifier is just stated as the thing that is assigned to the transaction. And so that is the first step in this ongoing transaction. The trouble is that if it is a name or a number or something of a proposed transaction in which step one, namely a request has occurred, I don't understand how the word audit applies to that. Audit can include verification. I don't think the parties dispute that verification is a type of audit. Okay, so there's a number. Say there's a PIN number or something. I don't know if PIN is wrong. There's some sort of number. This is going to be transaction A237-7T. Now, what does the system that's doing the verifying do with that little string of characters? It's just checking to see if... Checking that against what? Is there a record somewhere of that? That is what is implied in DIL because it says that it's verifying the transaction identifier, and that means that this number that the money transfer facilitator receives corresponds with the number that the sender initiated. Does that make sense? I'm not sure. So the money transfer facilitator is receiving this transaction request from a sender, and it just needs to make sure that the thing that it's going to be transferring as part of this transaction was something that was actually initiated by someone. In case the numbers get screwed up during communication, it just wants to make sure that this thing was actually started by a sender requesting to transfer money. And so that is the first step, to make sure this was actually requested, this transaction was requested, and we may proceed to the next steps of getting the money from the account, giving it to the right recipient. And that's also part of the examination that DIL discloses. That's what the board found as well. It first makes sure that this transaction identifier corresponds to an initiated transaction, and then it uses that verified transaction identifier to identify the proper recipient, sender, and delivery method. And these are all things that it needs to ensure and examine in order to proceed with the transaction. This may be a slightly different way. So the verifying entity to verify some piece of information that the verifying entity receives must have other information against which to check that piece of information. In the DIL situation, what is that other information that the verifying entity has to check the newly submitted request against? That is some data records that actually Dr. Ho, Apple's expert, wrote in his declaration. And I can provide a site for that, which is at A2814-15 paragraph 97. Yes, A2814-15 paragraph 97. Thank you. Would you, it's at least an unusual definition of audit. I don't know if you would agree with that. But it seems to me it's so broad as to at least not be our typical use of audit. And it allows for, as the blue brief points out, for auditing financial transactions to occur, whether or not the transactions ever actually become completed transactions in the end. You would agree that that is a possibility under the board's broad construction. We would agree that auditing includes examining completed transactions, but is not limited to only auditing transactions. Right, and therefore, if I understand correctly, if you think there can be an audit when we just begin a financial transaction, therefore, if that, let's say the verification doesn't add up, and we terminate that, that transaction never gets completed, you would still say within the meaning of this patent, an audit has occurred of a financial transaction, even though no financial transaction was ever completed. Yes, but that's not really what is at issue here in DIL, because what they're verifying is a transaction that is eventually completed. And there's actually further extrinsic evidence to support, which Apple submitted below, in the same context of a 386 patent talking about monetary transactions, where an audit was used to determine whether a transaction can proceed. And so audit... Are you referring to that other patent? Yes. The 186 or something? The 184. The 184 patent on it, and the board considered it at A17, and it identified that as Exhibit 1019. So the actual 184 patent passage is at A3422, columns 5, lines 27 to 34, where it says the results of the audit can be provided and used, for example, as an indication that the transaction can go forward, e.g. validating regarding the transaction amount and source. And so this is an example of using the word audit on an ongoing transaction, which supports what the board found here in DIL, using... Examining part of a transaction, which Fintive agreed is shown in DIL, to determine whether the transaction can continue to proceed. And there's really nothing in the intrinsic evidence that limits transactions or auditing to only be performed on completed transactions, and in fact the opposite. The claims are all directed to conducting monetary transactions. They list multiple steps that are taken to complete a transaction, and even focusing in on limitation 1.3, which is where the auditing term occurs, that's talking about business workflows, so something that's live and ongoing. And then other things that are listed along with the auditing term, as examples of business workflows, are executing financial transactions, error handling, logging platform objects. These are all things that are happening while a transaction is ongoing. And so taking the context of the claims under consideration, this further supports no need to inject this completeness requirement that Fintive is arguing here. And so really the sole basis for Fintive's argument to impose this completeness restriction is from this accounting textbook, which is diverse from the context of the 386, because the 386 doesn't even talk about accounting, never uses the word. And the board found as a factual matter that the textbook, that accounting textbook, doesn't require the retrospective restriction that Fintive argued and is not actually appealing here. So the construction in your view, I think, was largely done, if not entirely, on the extrinsic evidence? Well, I think there's a little bit of weighing there, but Fintive's sole basis for the retrospective restriction was solely based on extrinsic. The board properly chose to leave out the accounts language from the textbook because that conflicted with the plain language of the claims, which makes clear that auditing is performed on financial transactions and not accounts. Can I ask you, on the deposit transaction term, you wrote at the red brief at 10 that Dill expressly contemplates a scenario where a sender delivers money into an account of a recipient where the sender and the recipient are the same entity. I don't see, can you point out where Dill expressly contemplates the sender and the recipient being the same person in the same transaction, which is what I understood you to be telling us at page 10. Right, Your Honor. That's at paragraph 52 of Dill. And then there's also additional support with regards to the board's reliance on the withholding system delivery method. But let me first just turn to paragraph 52 of Dill, which is talking about, get this language in front of me. Yes, that's A2936. So it's helpful, I think, to break up exactly what Dill is saying here. It's first saying the name sender and recipient, okay, they're different names, but they're not actually referring to separate entities. Dill says the names are used only to illustrate a particular entity's function. So first of all, when we see sender and recipient, we're talking about an entity's function. And then the next sentence says that these names are not intended to imply any limitations on the functions that can be performed by a given entity. And so it's further saying do not limit what an entity can do. And then the last sentence says that is any given entity can alternately act as sender and recipient. And so it's saying you can act as, there's no need to limit the sender and recipient to different transactions because we just told you don't limit the function of what an entity can do. I wonder if there were a description of a passer and a receiver in football and you would say same player on one Sunday can be the passer and the next Sunday can be the receiver. You wouldn't ordinarily think that language is referring to the quarterback catching his own pass. Right, but the context of your analogy is different, Your Honor, because a sender would not be, you know, receiving his own pass. But in the context here. But a deposit transaction would be something quite different from a normal, from, I don't know, a transfer transaction. You wouldn't use the same language to refer to those and then get back at the deposit transaction in this very indirect way of saying, well, maybe the passer could be the receiver. Well, that's why I pointed to the withholding system disclosure in Dill because when you think about withholding system, like tax withholding, what you're depositing is for yourself. It's being withheld for yourself. And I think that particular disclosure that the Board relied on supports this contemplation in view of this very explicit broadening language that the recipient that is receiving the deposit fund is the same as the sender. Maybe I'm just misconstruing the language that you referred to us in paragraph 52. But somewhere at the middle of that paragraph it says, it should be noted that the names sender and recipient, it should be the names sender and recipient, are used only to illustrate a particular entity's and or device's function at a given time and are not intended to imply any limitations on the functions that could be formed by any given entity. Is that, don't you read that as says, using Judge Toronto's thinking, in a game you have a function, but that doesn't mean that in a different game you can't also do something else. Isn't that what this language I just read you means? No, Your Honor. Okay, it does say at any given time. At any given time. So when it says so, okay, can be at any given time, but that doesn't imply that at another time they can't be performing other things. I mean, this language is clear. I don't purport to have any clear understanding of what they're saying here, but isn't that a reasonable read? Well, you could read it that way, but it's a factual determination with regard to what Dill discloses, and I think it was also reasonable for the Board to read this and conclude, as supported by substantial evidence, that it's contemplating the sender and recipient being doing, sorry, the same entity functioning first as the sender, then as the recipient within the same transaction. They're not happening at the same time, and Fintive's argument that the Board was reading out this temporal restriction is incorrect, because just even as a matter of logic, you have to first send something in order to receive it. So the receiving happens after the sending. And also in Dill, as shown in Figure 5, has this whole elaborate process of the steps that have to occur for money to get from a sender to a recipient. There's all this back and forth, including verification and then confirmation. The sending does not happen at the same time as the receiving. And so that argument about simultaneous and reading out the temporal restriction is incorrect. Unless the Court has further questions. Thank you. Thank you. Will we still have three minutes? Thank you, Your Honors. I'll be brief. I believe one of the questions was, where does an audit start? And, well, an audit certainly isn't while the transaction is ongoing, because while you can stop a transaction because there's a problem, that would be error handling. And, again, as with executing a transaction, error handling is also part of the same body of that claim language. Number two, I want to remind the Court that the claim construction is broader than the extrinsic evidence submitted, and there was no, Apple did not submit any evidence. Finally, Apple referred to paragraph 97 of its expert report. That entire paragraph is conclusory. He quotes from Dill, and he says there's a transaction identifier, and then he draws the ultimate conclusion that that's auditing the financial transactions. There's no explanation for how he gets from one or the other. So, in conclusion, Your Honor, auditing financial transactions can't devolve into any examination of any part of any potential transfer that may become a financial transaction. This case should be reversed. Thank you, Your Honors. Thank you. Thank you. The case is submitted.